**Sandra CHAPMAN, a minor, by and through her mother and next friend, Delores Chapman, Plaintiff-Appellant,**

v.

**Patrick Ward BRADLEY, Defendant-Respondent.**

**No. 34345.**

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

James F. Koester, Kenneth M. Weinstock, St. Louis, for plaintiff-appellant.

Murphy, Kortenhof & Ely, St. Louis, for defendant-respondent.

CLEMENS, Judge.

Plaintiff had a $4,600 verdict and judgment in her action arising from an automobile collision. The trial court had given MAI 2.01, the general cautionary instruction, and granted defendant a new trial on the ground it had erred by omitting words from the fourth sentence of paragraph 8. That sentence, with the omitted words emphasized: "8. . . . In considering the weight and value of the testimony of any witness you may take into consideration the appearance, attitude and behavior of the witness, the interest of the witness *in the outcome of the suit, the relation of the witness* to any parties to the suit, the inclination of the witness to speak truthfully or not, the probability or improbability of the witness' statement, and all other facts and circumstances in evidence . . . ."

As given, the garbled instruction failed to clearly tell the jury it could consider the witness' interest in the outcome of the suit and the witness' relation to the parties. Such omissions are error and presumptively prejudicial unless it is made perfectly clear to us no prejudice could have resulted. Brannaker v. Transamerican Freight Lines, Inc., Mo., 428 S.W.2d 524 [19, 20].[1] The possibility of prejudice is clearly apparent here since one of plaintiff's two witnesses was her mother.

The order granting defendant a new trial is affirmed.

BRADY, C. J., and WEIER, J., concur.

---

[1] This principle was recently applied by us in two cases condemning similar omissions from MAI 2.01's, City of Jackson v. Barks, Mo.App., 476 S.W.2d 162 and McCory v. Knowles, Mo.App., 478 S.W.2d 682.